**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMITRY ZINGER, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff | Case No. 2:26-cv-4287 |
| vs. | |
| ADAPTHEALTH CORP. | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) |
| Defendant | DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.       "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.       "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

1

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that AdaptHealth Corp. violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry or those who requested to be on Defendant's internal Do-Not-Call List without written consent.

### Parties

4.    Plaintiff Dmitry Zinger ("Zinger" or "Plaintiff") is a natural person.

5.    Defendant AdaptHealth Corp. ("AdaptHealth" or "Defendant") is a Delaware corporation with its headquarters and principal place of business in Plymouth Meeting, Pennsylvania, which lies within this District.

**Jurisdiction & Venue**

6.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7.      The Court has general personal jurisdiction over Defendant because Defendant AdaptHealth Corp. is headquartered in Plymouth Meeting, Pennsylvania, within this District.

8.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District.

**The Telephone Consumer Protection Act**

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

13. Plaintiff Zinger is, and at all times mentioned herein was, a natural person.

14. Plaintiff's telephone number, (414) XXX-XXXX is a non-commercial telephone number not associated with any business.

15. Plaintiff uses the telephone number for personal, residential, and household purposes only.

16. Plaintiff does not use the number for business purposes and has never used it in connection with any business.

17. Plaintiff never consented to receive telemarketing text messages from Defendant AdaptHealth.

18. Plaintiff's telephone number is registered on the National Do Not Call Registry and has been so registered for at least two years prior to the calls at issue.

19. Defendant AdaptHealth is a national home medical equipment company that distributes home medical equipment, medical supplies, and related services throughout the United States.

20. Its largest segments include medical devices for sleep apnea and diabetes management.

21. AdaptHealth has approximately 10,900 employees and generates approximately $3.28 billion in annual revenue, making it one of the largest home medical equipment distributors in the country.

22. In the course of operating this nationwide business, AdaptHealth and its affiliated entities, including Oxygen One, which engage in outbound marketing communications to solicit customers for its products and services.

4

23.    Prior to Plaintiff's Do Not Call request, Plaintiff received two unsolicited text telemarketing messages from AdaptHealth on February 12, 2026.

24.    Screenshots of the messages are shown here:



25.    Following the unsolicited message calls, Plaintiff contacted AdaptHealth and requested that his number be placed on the company's internal Do Not Call list.

26.    As reflected in written correspondence attached hereto, on February 12, 2026, AdaptHealth's legal representative expressly assured Plaintiff in writing that his telephone number would be added to the company's internal DNC list:

 Gmail

Dmitry Zinger <dmitry.zinger@gmail.com>

**Re: Legal Complaint – Unsolicited Text Message and Harassment**
1 message

**Dmitry Zinger** <dmitry.zinger@gmail.com>
To: Amanda Finney <amanda.finney@adapthealth.com>
Cc: Richard Rew <richard.rew@adapthealth.com>, Monica Perozzi <Monica.Perozzi@adapthealth.com>, Wendy Russalesi <wendy.russalesi@adapthealth.com>

Thu, Feb 12, 2026 at 6:33 PM

Hello, Amanda,

Thank you for your assistance in this matter. This is a satisfactory resolution to me.

Sincerely,

Dmitry

On Thu, Feb 12, 2026, 6:03 PM Amanda Finney <amanda.finney@adapthealth.com> wrote:
> Hi Dmitry,
>
> I have confirmed that your phone number 414-758-6258 has been added to AdaptHealth's internal Do Not Contact list.
>
> Thank you,
> Amanda

27.    Despite this written assurance, Plaintiff received yet another unsolicited SMS telemarketing call on May 31, 2026, from Oxygen One, an entity that is part of the AdaptHealth organization.

28.    Plaintiff did not provide prior express consent to receive this call, and it was sent after AdaptHealth had acknowledged Plaintiff's DNC request and represented that his number would be placed on its internal suppression list.

29.    The screenshot of the message is shown here:

6



30.    This latest communication demonstrates that AdaptHealth either failed to honor Plaintiff's DNC request or failed to implement adequate procedures to prevent further marketing communications from affiliated entities operating under its corporate umbrella.

31.    Plaintiff expressly requested that AdaptHealth place his telephone number on the company's internal Do Not Call list and cease all future telemarketing communications.

32.    AdaptHealth's written assurance that Plaintiff's number would be added to the internal DNC list constituted a commitment to cease all future telemarketing communications to Plaintiff's number.

33.    Plaintiff never consented to receive telemarketing text messages from Defendant AdaptHealth or any entity operating under its corporate umbrella, including Oxygen One.

34.     The messages advertised AdaptHealth's products and services, and included links directing Plaintiff to Defendant's website where he could purchase and schedule delivery of medical supplies like oxygen.

35.     The messages were sent for the purpose of encouraging the purchase of Defendant's products and services.

36.     Despite Plaintiff's express DNC request and AdaptHealth's written assurance that his number had been added to its internal DNC list, Defendant continued sending telemarketing text messages calls to Plaintiff.

37.     Defendant sent at least one additional promotional telemarketing message call to Plaintiff on May 31, 2026, sent by or on behalf of Oxygen One, an entity operating within the AdaptHealth corporate organization.

38.     The continued messages promoted AdaptHealth's products and services and were sent without Plaintiff's consent and after his DNC request had been acknowledged.

39.     Defendant's own records and those of its telecommunications service provider can be analyzed to ascertain who Defendant's customers and their telephone numbers are, whether or not Defendant possesses putative consent to contact any numbers it contacted, determine what the responses to those messages were, and whether those numbers were on the National Do Not Call Registry or on Defendant's internal DNC list, among other common questions answerable on common evidence.

40.     Plaintiff never consented to receive calls from Defendant.

41.     Plaintiff never requested that the messages continue.

42.     The only communications Plaintiff directed to Defendant were his complaint and his request that his number be added to Defendant's internal Do Not Call list, and he never requested or consented to receive any telemarketing calls.

43.     The text message calls were unwanted.

44.     The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

45.     The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

46.     Plaintiff found the calls frustrating, annoying, and intrusive.

47.     The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

48.     The calls were sent to generate sales, increase traffic to Defendant's website and its affiliate, and promote Defendant's products and brand.

49.     Defendant used its trade name and website links in the text message calls.

50.     Defendant benefitted from the text message calls by promoting sales, advertising products, and driving consumer engagement.

51.     Defendant continued sending text message calls despite Plaintiff's clear indication that the text message calls were unwanted.

52.     Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

9

**Class Action Statement**

53.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

54.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

55.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of AdaptHealth goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and/or that Defendant was copying a wrong number and (5) within the four years prior to the filing of the Complaint.

56.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

57.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

58.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

10

59.    This Class Action Complaint seeks injunctive relief and money damages.

60.    The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

61.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

62.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

63.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

64.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

65.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.    Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b.    whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c.    Whether Defendant's conduct constitutes a violation of the TCPA; and

d.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

66.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

11

67.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

68.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

69.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

70.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

71.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

72.     The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the

12

National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

73.    Defendant's violations were negligent, willful, or knowing.

74.    As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

75.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

76.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

77.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

78.    Defendant's violations were negligent, willful, or knowing.

13

79.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future or to a number which had previously asked to stop.

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.     Attorneys' fees and costs, as permitted by law; and

E.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

14

RESPECTFULLY SUBMITTED AND DATED this 22nd day of June, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com