**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMITRY ZINGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAPTHEALTH CORP.<br><br>Defendant. | Case No.: 2:26-cv-04287-JMY |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff respectfully files this Notice of Supplemental Authority in further opposition to Defendant AdaptHealth Corp.'s ("AdaptHealth") Motion to Dismiss the First Amended Complaint. Today, Judge Leeson issued his opinion in *Dovberg v. Haller Enterprises, Inc.*, No. 26-4286, ECF No. 20 (E.D. Pa. Oct. 21, 2026), denying the defendant's motion for judgment on the pleadings on a section 227(c)(5) Do Not Call claim premised on text message calls. A copy of the opinion is enclosed herein as Exhibit A.

The opinion is notable in that Judge Leeson, "[a]fter completing [the Court's] own statutory analysis," held that "Section 227(c)(5) of the TCPA provides a private right of action against unsolicited text messages," joining the three other courts in this District that "have found, after performing independent statutory analyses," that the "telephone call" language in section 227(c)(5) includes text messages. *Id.* at 6, 8 (citing *Newell v. Children's Dental Health Assocs., LLC*, 2026 WL 927378, at *7; *Pero*, 2026 WL 1747214, at *5; and *Cole v. C/T Install Am., LLC*, 2026 WL 916582, at *1 n.1). Like those courts, Judge Leeson began with the 1991 dictionary meaning of "call," and found that the TCPA's definition of a "telephone solicitation" as a

"telephone call or message" "bolsters the Court's conclusion that Section 227(c)(5) covers text messages." *Id.* at 8-9. Affording the FCC's interpretation appropriate respect under *McLaughlin* and *Loper Bright*, the Court found persuasive the FCC's 2024 codification of the Registry's "existing protections to text messages" and 47 C.F.R. § 64.1200(e), and relied on the shared "telephone call" language of sections 227(b) and 227(c) and the Third Circuit's decisions in *Gager* and *Dominguez*. *Id.* at 9-11.

Judge Leeson also rejected the reasoning of the out-of-circuit authorities on which AdaptHealth's Reply relies. He held that "[c]ell phone users who use their phones for personal use qualify as residential subscribers under the TCPA," *id.* at 12-14, the opposite of the holdings in *Anthony* and *Lowrey*. And he held that section 227(c)(5)'s private right of action reaches violations of the caller identification rule the FCC promulgated under section 227(c) in 2003, "a little over one decade" after the Commission had initially declined to adopt it in 1992. *Id.* at 15-18. That holding cannot be reconciled with AdaptHealth's contention that the FCC's rulemaking authority under section 227(c) expired in 1992.

In light of the foregoing authority, AdaptHealth's Motion to Dismiss should therefore be denied.

Dated: October 21, 2026

*<u>/s/ Andrew Roman Perrong</u>*
Andrew Roman Perrong, Esq. (PA Bar 333687)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

October 21, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.