**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMITRY ZINGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAPTHEALTH CORP.,<br><br>Defendant. | CASE NO. 2:26-cv-04287-JMY<br><br>CLASS ACTION |

**<u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant AdaptHealth Corp. ("Defendant") respectfully submits this Notice of Supplemental Authority in support of certain arguments made in its Motion to Dismiss Plaintiff's First Amended Complaint and supporting Reply brief (*see* ECF 10 and 13, the "Motion"), and in rebuttal to certain arguments made in Plaintiff's Opposition (*see* Dkt. 12) and Sur-reply to the Motion (*see* Dkt. 17), with respect to whether text messages qualify as "telephone calls" under Section 227(c)(5) of the TCPA (*i.e.,* 47 U.S.C. § 227(c)(5)). The supplemental authority discussed below, which was decided after the Motion was fully briefed, bears directly on that key dispositive issue.

In *Bronstin v. Happy Cabbage Analytics, Inc.,* 2026 WL 3257600 (M.D. Pa. October 29, 2026), the District Court for the Middle District of Pennsylvania agreed with the Seventh Circuit's recent decision in *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026)—which is the <u>only</u> federal appellate-level decision interpreting "telephone call" under Section 227(c)(5) to date—in holding that text messages are <u>excluded</u> from that provision's scope, based on the plain and unambiguous (and thus dispositive) language of the statutory text. *See Bronstin,* 2026 WL 3257600, attached hereto as Exhibit "A." In so doing, the *Bronstin* court rejected various counterarguments

made by the plaintiff—who notably was represented by the same counsel representing Plaintiff and who made substantially similar arguments in this case—on this point. Along those lines, the *Bronstin* court *inter alia*: (i) declined to apply *Campbell-Ewald Co v. Gomez*, 577 U.S. 153 (2016), recognizing that the Supreme Court's decision in that case does not address § 227(c) (the provision at bar) and merely "presumes texts are calls under [§ 227(b)] of the TCPA 'without considering or resolving that issue' because neither party [there] contested it"; (ii) declined to apply *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) or *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013) because both decisions "rely on agency deference to conclude that texts are calls under § 227(b)" (which is not proper today after *Loper* and *McLaughlin*); and (iii) recognized the "vast majority" of contrary district court decisions on this point (including in particular *Pero v. Brown-Daub Chevrolet of Nazareth*, 2026 WL 1747214 (E.D. Pa. June 17, 2026)) are inapplicable and unpersuasive because, "like *Satterfield* and *Gager*, [they] were decided prior to *Loper-Bright* and *McLaughlin* and deferred to FCC guidance." 2026 WL 3257600, at *5-7. Instead, the *Bronstin* court (i) applied the statutory construction principles enumerated in *Loper* and *McLaughlin*; (ii) found *Steidinger* and its progeny (and other post-*Loper* and *McLaughlin* decisions on this point) persuasive and applied them in the absence of binding authority in this Circuit, (iii) agreed with the defendant's arguments on this issue (which are also made in the Motion here); and (iv) dismissed that plaintiff's text-based DNC claim ***with prejudice*** because "text messages are not telephone calls under the plain language in § 227(c)(5), and the receipt of unwanted text messages therefore does not create a private cause of action under § 227(c)(5)." *Id.* at *5-7.

Accordingly, Defendant respectfully submits that the *Bronstin* decision provides additional direct and persuasive support for Defendant's position in this case on the same dispositive issue, as argued in its Motion; and therefore, Defendant respectfully requests that this new decision (which is

attached hereto for the Court's convenience) be considered by this Court when ruling on its Motion.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
A. PAUL HEERINGA
(*Pro Hac Vice* to be requested)
MANATT, PHELPS & PHILLIP, LLP
151 N, Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: 312-529-6300
jmcguinness@manatt.com
pheeringa@manatt.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: October 30, 2026

*/s/ Steven C. Tolliver, Jr.*
STEVEN C. TOLLIVER, JR.

*Counsel for Defendant*