**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMITRY ZINGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAPTHEALTH CORP.,<br><br>Defendant. | CASE NO. 2:26-cv-04287-JMY<br><br>CLASS ACTION |

**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant AdaptHealth Corp. ("Defendant") respectfully submits this second Notice of Supplemental Authority in support of certain arguments made in its Motion to Dismiss Plaintiff's First Amended Complaint and supporting Reply brief (*see* ECF 10 and 13, the "Motion"), and in rebuttal to certain arguments made in Plaintiff's Opposition (*see* Dkt. 12) and Sur-reply to the Motion (*see* Dkt. 17), with respect to whether text messages qualify as "telephone calls" under Section 227(c)(5) of the TCPA (*i.e.,* 47 U.S.C. § 227(c)(5)). The supplemental authority discussed below, which was decided after the Motion was fully briefed, bears directly on that key dispositive issue.

In *Starling v. What If Holdings, LLC*, 2026 WL 3536298 (N.D. Tex., Nov. 16, 2026), the District Court for the Northern District of Texas performed a statutory construction analysis of the relevant text, agreed with the multiple authorities cited in the Motion (including the Seventh Circuit's one-of-a-kind appellate decision in *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026)) on this issue, and concluded that text messages do <u>not</u> fall into the scope of the private cause of action in Section 227(c)(5), which covers only unlawful voice telephone calls. In doing so, and in dismissing that case on this basis, the *Starling* court *inter alia* (i) held that "[b]ecause Congress could

not have addressed whether text messages were telephone calls when the statute was enacted, the text of § 227(c)(5) is silent as to whether a text message is a call"; (ii) commented that, even if the court were to adopted the plaintiff's "broad 'communication by telephone' definition of 'call,'" it could not "ignore the modifier 'telephone' before 'call' in § 227(c)(5)"; (iii) found "[t]he standard definitions of 'telephone' at the time of the TCPA's passage [in 1991] invoke voice and/or sound" and thus that "the most natural reading of § 227(c)(5) requires a 'telephone call' to include a sonic component"; (iv) held that "whether in 1991 or today, the ordinary public usage of the noun 'telephone call' is not synonymous with nor does it encompass 'text message'" because "[a] person asking for a 'telephone call' will not expect to receive a written message, or text"; (v) noted that, "[i]n fact, one will often utilize text messaging over making a telephone call precisely to avoid intruding on another's privacy—exactly the purpose which courts routinely emphasize was at the core of the TCPA's passage"; (vi) found the fact that Congress has amended other TCPA provisions to include texts but has not done so for Section 227(c) or has used broader wording in surrounding provisions further confirms that Section 227(c) does not include texts; and (vii) acknowledged but declined to adopt contrary decisions from other district courts within the Fifth Circuit and nationally on this issue, finding their reasoning "unpersuasive" and noting that "many [contrary] cases holding that texts count as telephone calls fail to conduct an independent textual analysis of § 227(c) as required by *Loper Bright.*" *Id.* at *3-8 (citations omitted). *See also Siringi v. Crust Pizza Co.*, 2026 WL 3392348, at *2 (S.D. Tex. Nov. 6, 2026) (dismissing DNC case on this basis, expressing disagreement with one contrary decision from that same District, finding *Steidinger* and its "treatment of the statutory text and structure more persuasive," and holding that Section 227(c)(5) provides a "narrower private remedy than the regulatory protections afforded to 'telephone solicitations'" or than other provisions of the TCPA and thus it does not include text messages.)

The same district judge in the *Starling* case reiterated his reasoning in another TCPA case just four days later. *See Callier v. The Finish Line, Inc.*, 2026 WL 3573414, at *2 (N.D. Tex. Nov. 20, 2026) (dismissing in part on this basis, holding: "The Court in *Starling* specifically concluded that both the ordinary public meaning of 'telephone call' and the statutory context surrounding the provision exclude 'text messages' from the meaning of 'telephone call' as used in § 227(c)(5). [] Because [plaintiff] only alleges receipt of unwanted text messages, and not telephone calls, the Court sees no reason to depart from its previous holding.") (citing 2026 WL 3536298, at *8).

Accordingly, Defendant respectfully submits that the foregoing decisions provide additional direct and persuasive support for Defendant's position in this case on the same dispositive issue, as argued in its Motion; and therefore, Defendant respectfully requests that these new decisions be considered by this Court when ruling on its Motion.

Dated: November 23, 2026

Respectfully submitted,

*Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
A. PAUL HEERINGA
(*Pro Hac Vice* to be requested)
MANATT, PHELPS & PHILLIP, LLP
151 N, Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: 312-529-6300
jmcguinness@manatt.com
pheeringa@manatt.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: November 23, 2026

*/s/ Steven C. Tolliver, Jr.*
STEVEN C. TOLLIVER, JR.

*Counsel for Defendant*